NOT FOR PUBLICATION     CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HENRIETTA CHAMBERS, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 02-5862 (WHW) |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

**Walls, District Judge**

     Henrietta Chambers, ("Petitioner") an inmate at the Federal Corrections Institution in Danbury, Connecticut, petitions *pro se*, to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Chambers states multiple reasons why her petition should be granted. First, she declares her conviction by a plea of guilty was unlawfully induced or not made voluntarily or with the understanding of the nature of the charge and the consequence of the plea.  Second, her conviction was obtained by a violation of the privilege against self-incrimination.  Third, her conviction was obtained by the unconstitutional failure of the prosecution to disclose to Petitioner evidence favorable to her. Fourth and finally, she declares that her Sixth Amendment right to effective assistance of counsel was violated during her sentencing hearing. The petition is denied.

**UNDERLYING FACTS AND PROCEDURAL HISTORY**

On July 25, 2000, Petitioner was arrested at the Newark, NJ airport when a customs inspection discovered more than 500 grams of cocaine in the heel of her shoes and in the baggage she was carrying. (Transcript of Plea ("P. Tr.") 10-11, Answer ("A." 1-2.) Petitioner cooperated with the Government and participated in a controlled delivery at the Newark Airport. Upon meeting her co-conspirators, Richard Bradley and Jonathan Kerr, law enforcement arrested the two men when they attempted to depart with the drugs. (A. 2.) Following this incident, Petitioner ceased to cooperate with authorities. (*Id*.)

On December 28, 2000, a federal grand jury indicted Petitioner. (*Id*.) She entered a guilty plea to the indictment on January 3, 2001. (P. Tr. 1.) The plea was not entered pursuant to a plea agreement. (P. Tr. 3.) On June 27, 2001, Petitioner was sentenced to 60 months, pursuant to the statutory minimum. (Sentencing Transcript ("S. Tr. 1, 45.) The Third Circuit affirmed the conviction in an unpublished decision on September 13, 2002. (A. 3-4.) Certiorari to the Supreme Court was denied. Petitioner filed a motion pursuant to U.S.C. § 2225 on December 3, 2002.

**STANDARD OF REVIEW**

The Court has jurisdiction of this matter under 28 U.S.C. § 2255;[1] United States v. Timmreck, 441 U.S. 780, 783 n.3 (1979). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S.

---

[1] "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

152, 166 (1982). When pursuing a § 2255 motion, a prisoner must show both that there was "cause" for not having raised the point in question on direct appeal and that there would be "actual prejudice" from the errors complained of. Id. at 166. The actual prejudice must lead to a "complete miscarriage of justice" constituting "exceptional circumstances." Davis v. United States, 417 U.S. 333, 346 (1974); United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Claims of ineffective assistance of counsel are an exception to the general "cause and prejudice" standard. See United States v. Tobin, 155 F.3d 636, 643 (3d Cir. 1998). In fact, the Third Circuit has stated that such claims are "ordinarily not cognizable on direct appeal" and should be raised in a § 2255 motion. Id.

     The Court is under no inherent obligation to hold a hearing when a § 2255 motion is filed. See Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001). Hearings need only be held when there is a disputed issue of fact. Id. at 294. Even then, they may be dispensed with if "the allegations...[are] patently frivolous" or "contradicted conclusively by the record." Id. at 295. If the "motion, files and records 'show conclusively that the movant is not entitled to relief'" then the District Court may summarily dismiss the § 2255 petition. 28 U.S.C. 2255, United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)). After announcing its decision, the Court must decide whether it is appropriate to issue a certificate of appealability. The certificate may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Solis, 252 F.3d at 293.

ANALYSIS

Petitioner sets forth four separate grounds upon which she alleges her constitutional rights were violated. The records of her plea and sentencing clearly indicate the allegations are without merit.

Petitioner argues:

**1. Petitioner's conviction by a plea of guilty was unlawfully induced or not made voluntarily or with the understanding of the nature of the charge and the consequence of the plea.**

Petitioner did not raise this issue on her direct appeal. Ordinarily, this would cause the claim to be dismissed immediately (see above) because Petitioner has not shown cause as to why the issue was not raised on appeal. Petitioner's attempt to show cause is vague and deals only with facts surrounding her relationship with Richard Bradley. It should be noted, however, that Petitioner appears pro se. Her supporting factual allegations on this ground seem to point to ineffective assistance of counsel. Under *Tobin*, 155 F.3d at 289, this would be an exception to the "cause and prejudice" requirement.

Petitioner contends that she was not aware, nor did her attorney inform her, that her guilty plea would carry a mandatory minimum sentence of sixty months. (Petition ("P.") 4.) When entering her plea, the Court asked her:

> The Court: Do you know if you plead guilty to this charge, that that plea has the same force and effect as if you had been found guilty by a jury after the trial. Do you understand that?
>
> Petitioner: Yes, your Honor.
>
> C: You subject yourself to being sent to jail by me for not less than 5 years, nor more than 40 years in jail. Do you know that?
>
> P: Yes, your Honor.

> C: And you still wish to enter a plea of guilt to this charge?
>
> P: Yes, your Honor.
>
> C: In addition, you subject yourself not [sic] only being sent to jail for not less than 5 years nor more than 40 years, you subject yourself to also being fined by me up to $2 million?
>
> P: Yes, your Honor.
>
> C: You still want to plead guilty to this charge?
>
> P: Yes, your Honor.

(P. Tr. 5-6.)

Petitioner was informed of the 60 month minimum no less than twice before the Court accepted her plea and she testified she understood. The Court then addressed whether Petitioner had been able to discuss her plea with her attorney.

> C: Have you had enough time to discuss it with your counsel?
>
> P: I discuss [sic] with him already, your Honor.
>
> C: I said have you had enough time to discuss it with your counsel?
>
> P: Yes, your Honor.

(P. Tr. 7.)

Again, the record shows that Petitioner herself stated she discussed the minimum sentence with her counsel.

The Third Circuit has set a heavy burden for a habeas petitioner to challenge the voluntary nature of the plea, since the plea hearing itself is designed to uncover "hidden promises or representations as to the consequences of a guilty plea." Lesko v. Lehman, 925 F.2d 1527, 1537 (3d Cir. 1991). As the Supreme Court stated in Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), "the representations of the defendant, his lawyer, and the prosecutor at [a plea]

hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." So, this Court must accept that when Petitioner acknowledged she understood the minimum sentence that she was telling the truth. There is nothing in the record to suggest that Petitioner was being untruthful or that she did not understand the Court's questions. Petitioner's first claim, therefore, fails.

**2. Petitioner's conviction was obtained by a violation of the privilege against self-incrimination.**

Again, Petitioner did not raise this issue on direct appeal and does not make a showing of cause and prejudice. However, Petitioner's factual allegations on this ground have nothing to do with Fifth Amendment rights. Petitioner states "[Her] attorney told her that because she was found in possession of a small amount of cocaine (less than 800 grams) it would be better to plead guilty without even exploring the option of going to trial." (P. 4.) It would seem, again, that this would fall under ineffective assistance of counsel.

As stated above, Petitioner stated that she had adequate time to discuss her plea with her attorney. (P. Tr. 7.) In addition, the Court discussed the Petitioner's right to a trial and she stated that she understood her rights and she waived them. (P. Tr. 4-5.) Again, Petitioner does not meet her burden and the second claim fails.

**3. Petitioner's conviction was obtained by the unconstitutional failure of the prosecution to disclose to Petitioner evidence favorable to her.**

Again, Petitioner did not raise this issue on direct appeal. Since Petitioner offers no cause to why it was not raised on appeal, this claim is dismissed.

4**. Petitioner declares that her Sixth Amendment right to effective assistance of counsel was violated during her sentencing hearing.**

Petitioner argues that her counsel was ineffective for failing to seek downward sentencing adjustments for her minor role in the conspiracy, her lack of criminal history, and her status as a single mother of six children living outside the United States.  (P. 5.)

Petitioner's argument is directly contradicted by the record.  Petitioner's attorney vigorously argued for downward departures for minor role (Sentencing Transcript ("S. Tr.") 3-8), family circumstances (S. Tr. 8-15), and made application for the safety valve provision (S. Tr. 15-25).  This claim is clearly frivolous and is denied.

**CONCLUSION**

For the preceding reasons, Petitioner's request for relief pursuant to 28 U.S.C. § 2255 is denied. No certificate of appealability is granted as the applicant has not made a substantial showing of the denial of a constitutional right.

**s/ William H. Walls, U.S.D.J.**

**Appearances**

Henrietta Chambers
Federal Correctional Institution
# 23429-050
Pembroke Station, Route 37
Danbury, CT 06811

Deborah L. Goldklang
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102